FILED'11 APR 06 15:31USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

NATHAN DEFFENBAUGH,                                        09-CV-6347-TC

                        Plaintiff,

            v.                                                    ORDER

LINN COUNTY, and MICHAEL
SCHRAEDER,

                        Defendants.

COFFIN, Magistrate Judge:

    Represented plaintiff asserts several federal and state claims arising from two pretrial detentions

in the Linn County jail.

    Presently before the court are defendants' motion (#33) for summary judgment and plaintiff's

motion (#41) for partial summary judgment.  For the reasons stated below and at oral argument, the

motions are largely denied and this action will proceed to trial.

Page 1 - ORDER

## **Legal Standard**

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits
> show that there is no genuine issue as to any material fact and that the movant is
> entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists

or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477

U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant

to produce specific evidence to establish a genuine issue of material fact or to establish the existence

of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th

Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir.

2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials

in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for

trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable

substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes

are genuine if they "properly can be resolved only by a finder of fact because they may reasonably

be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all

reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not

significantly probative," summary judgment may be granted. Id.

## **Factual Background**

Plaintiff is a double amputee below the knees with most of his fingers amputated as well. He uses a wheelchair, but is also capable of and does move about under his own power. Corrections deputies at the Linn County jail are familiar with plaintiff as he has been booked there over 30 times since 1991. Plaintiff can be a difficult and even combative detainee as evidenced by his pleading guilty to an assault of a corrections deputy who was injured while putting plaintiff in his cell during the first detention at issue in this action.

The first dentention arose from an arrest for violation of a restraining order. Plaintiff was placed in a holding cell that had no plumbing fixtures. The toilet consisted of a grate-covered floor drain in the center of the cell which could be flushed remotely by jail staff. During the morning meal preparation, plaintiff screamed that he needed to "take a [bowel movement]" and demanded to be moved to a cell with a regular toilet. Defendant Sergeant Shraeder told plaintiff to calm down and eventually to use the floor toilet with the end result being plaintiff defecating in a corner of the cell and remaining in the cell with the feces for several hours until he was moved to another cell.

Plaintiff was not allowed a wheelchair in the first holding cell, but did have access to a wheelchair during the remainder of his detention which was in a typical cell, not a cell with an ADA compliant toilet or shower.

Plaintiff was eventually released and filed the first complaint in the action presently before the court. He then returned to the Linn County Jail after another arrest. Defendant Shraeder classified plaintiff as a level 1 "High Risk Offender" (HRO), a level higher than his level 2 classification from his previous detention. Unlike his previous detentions, plaintiff was not allowed the use of his wheelchair in his cell for a large part of this detention. He walked on his stubs in his cell and

contends that such caused him bleeding, bursitus and severe pain. He was seen by medical staff who noted dry skin and calluses and that plaintiff wanted his wheelchair, but that it was denied for security reasons. Plaintiff was not lodged in an ADA compliant cell with a wheelchair accessible or ADA compliant toilet or shower, although he was allowed a wheelchair and shower chair when he was allowed a daily brief interval outside his cell.

## Discussion

Section 1983 Claims

Plaintiff has brought section 1983 claims asserting that his conditions of confinement constituted cruel and unusual punishment.

To determine whether plaintiff's confinement constituted cruel and unusual punishment, a court must assess whether plaintiff was deprived of the "minimal civilized measure of life's necessities." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Jail officials may not deprive inmates of basic necessities of life such as clothing and sanitation and disabled inmates must be provided with physical accommodations necessary because of their disabilities, including adequate toilet and shower facilities and wheelchairs. Casey v. Lewis, 834 F. Supp. 1569, 1581 (D. Ariz. 1993). If plaintiff's confinement constituted cruel and unusual punishment, a prison offical may be held liable if he acted with "deliberate indifference" to a substantial risk of serious harm; mere negligence is not enough to establish liability. Id.

As to plaintiff's first detention, the defendants proffer evidence that defendant Shraeder did not move plaintiff to a cell with a toilet that would work for him because he was too busy with meal preparation and because, based on plaintiff's history and behavior, moving plaintiff would be a

danger and a security risk.[1]   Although deference to prison officials' penological justifications can play

a part in the  deliberate indifference inquiry, the evidence viewed in the light most favorable to

plaintiff could support a reasonable inference that defendant Shraeder was deliberately indifferent

and  punitive towards plaintiff in retaliation for his earlier assault on a deputy by requiring the

defecating without an adequate  toilet and the housing with the feces for many hours, thereby

dehumanizing plaintiff and lessening his dignity.   Plaintiff contends that, as a double amputee, he

cannot "squat" to use the floor grate and thus soiled himself and that his condition was obvious to

Schraeder.  He further disputes that Schraeder was precluded by other duties from moving him to

a cell with a normal toilet.    As there are factual issues on this and other matters arising from this

detention, plaintiff's claims will go to a jury.

As to the second detention, there is evidence in the record that plaintiff was assigned a higher

security classification than for previous detentions, was not allowed the use of his wheelchair in his

cell, and was not lodged in an ADA compliant cell for security reasons.    Although deference to

prison officials' penological justifications can play a part in the  deliberate indifference inquiry, the

evidence viewed in the light most favorable to plaintiff could support a reasonable inference that

defendant Shraeder was deliberately indifferent and  punitive towards plaintiff in retaliation for his

earlier assault on a deputy and his filing of this action.    As there are factual issues on this and other

matters arising from this detention,  plaintiff's  claims will go to a jury.

Even if there were not manifest factual disputes present, it would be better to proceed to a full

trial on the claims because in the circumstances of this case a fuller record will afford a more

---

[1] Plaintiff has moved to strike certain submissions by defendants.  However, the
submissions are admissible at this stage of the proceedings to  show state of mind and for other
reasons set forth by defendants.  As such, plaintiff's motion to strike is denied.

Page 5 - ORDER

substantial basis for decision. <u>See</u> <u>Andersen v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986);
<u>Anderson v. Hodel</u>, 899 F.2d 766, 770-771 (9th Cir. 1990).

Based on the above, defendant Shraeder's assertion of qualified immunity is denied at this
time as there are genuine issues of material fact surrounding the underlying conduct at issue. <u>See</u>
generally, <u>Sloman v. Tadlock</u>, 21 F.3d 1462 (9th Cir. 1994). [2]


<u>ADA and Rehabilitation Act Claims</u>

The parties have filed cross-motions for summary judgment on plaintiff's claims for violation of
the ADA and Rehabilitation Act. The motions are denied for reasons discussed in the previous
section. Although deference to prison officials' penological justifications can play a part in the
deliberate indifference and reasonableness of accommodation inquiry, there are numerous factual
issues present that must be decided by a jury. Even if there were not manifest factual disputes
present, it would be better to proceed to a full trial on the claims because in the circumstances of this
case a fuller record will afford a more substantial basis for decision. <u>See</u> <u>Andersen v. Liberty</u>
<u>Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Anderson v. Hodel</u>, 899 F.2d 766, 770-771 (9th Cir. 1990).

This court also notes that the record indicates that the jail's only ADA cells are in cell blocks
housing vulnerable inmates and that such may result in all disabled HROs not having access to ADA

---

[2]Defendant County's <u>Monell</u> argument also fails at this point in the proceedings as the
record has some evidence indicating inadequate training for jail employees in the handling of
inmates with disabilities and in possibly having policies and procedures that may improperly
result in disabled inmates classified as HROs not having access to ADA cells. Defendants' other
argument that the Prison Litigation Reform Act bars all of plaintiff's claims is not persuasive and
plaintiff's motion for summary judgment on this affirmative defense is granted as plaintiff was
not a prisoner at the time this action was filed, plaintiff had injuries to his stumps, and plaintiff's
complaints were nongrievable issues at the jail, thereby making grieving them futile.

cells, as plaintiff's security classification is cited as the basis for not placing him in an ADA cell. To say the least, this is troubling in light of the mandates of the ADA.

First Amendment Retaliation Claim

Plaintiff claims that defendant Shraeder retaliated against him for filing this action by giving plaintiff a high security classification and denying him use of his wheelchair during his second detention. Summary judgment is precluded on this claim as there are factual issues as to whether Shraeder's actions were taken in retaliation or to advance a legitimate correctional goal. Even if there were not manifest factual disputes present, it would be better to proceed to a full trial on the claims because in the circumstances of this case a fuller record will afford a more substantial basis for decision. See Andersen v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Anderson v. Hodel, 899 F.2d 766, 770-771 (9th Cir. 1990).

State Claims

Plaintiff concedes his intentional infliction of emotional distress claim and it is dismissed.

Plaintiff's Abuse of a Vulnerable Person Act claims are dismissed. The claim is barred under ORS 30.650 as plaintiff has no economic damages and was an inmate when the alleged claims arose.

Page 7 - ORDER

**Conclusion**

Defendants' motion (#33) for summary judgment is allowed to the extent plaintiff's claim for intentional infliction of emotional distress is dismissed and plaintiff's Abuse of a Vulnerable Person claims are dismissed . The remainder of the motion is denied.

Plaintiff's motion (#41) for partial summary judgment is allowed to the extent that defendants' affirmative defenses regarding the Prisoner Litigation Reform Act and failure to exhaust administrative remedies/statute of limitations are dismissed. The remainder of the motion is denied. This action will proceed to trial.

DATED this ___6___ day of April, 2011 .

THOMAS M. COFFIN
United States Magistrate Judge

Page 8 - ORDER